IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 2 5 2023

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

**CHRISTINE MORGAN AND
D'ANDRE KING, each individually and
on behalf of all others similarly situated**                                    **PLAINTIFFS**

v.                        Case No. 4:23-CV- 786-JM

**CHUKWU EMEKA OCHI AND KING ACES
CHICKEN & FISH LLC**                                                            **DEFENDANTS**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Christine Morgan and D'Andre King, each individually and on behalf of all others similarly situated, by and through her attorneys Chris Burks and Lindsey Noe of WH LAW, for their Class and Collective Action Complaint against Chukwu Emeka Ochi and King Aces Chicken & Fish LLC, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Plaintiffs, Christine Morgan and D'Andre King, individually and on behalf of all other hourly-paid employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiffs and other hourly-paid employees lawful minimum wage for all hours worked and lawful overtime compensation for hours worked in excess of forty (40) hours per week.

This case assigned to District Judge **Moody**
and to Magistrate Judge **Kearney**

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

11. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiffs are residents and citizens of Pulaski County.

13. Plaintiffs, Christine Morgan and D'Andre King, were employed by Defendants as hourly-paid employees within the three years relevant to this lawsuit.

14. At all material times, Plaintiffs have been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

15. Defendant King Aces Chicken & Fish LLC is a limited liability company registered and licensed to do business in the State of Arkansas.

16. Defendant King Aces Chicken & Fish LLC can be served through its registered agent for service of process in Arkansas, Chukwu Emeka Ochi.

17. Defendant Chukwu Emeka Ochi is the owner of the restaurant where Plaintiffs and similarly situated employees were employed. He may also use the names Anthony Cordell Hill, Alex Hill, Mychall Sealy, and Anothney Hill.

18. Defendants Chukwu Emeka Ochi and King Aces Chicken & Fish LLC are, jointly and severally, an "employer" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this Complaint, Plaintiffs' employers, as well as the employers of the members of the class and collective.

19. Plaintiffs were employed at the King Aces Chicken and Fish restaurant in Little Rock, Arkansas, which operated under King Aces Chicken & Fish LLC and was owned by Chukwu Emeka Ochi.

20. Defendants have employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

21. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV. FACTUAL ALLEGATIONS

22. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

23. During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendants as hourly-paid employees.

24. Plaintiffs and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

25. Plaintiffs and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

26. Plaintiffs received payroll checks for hours worked from Defendants, which they attempted to cash.

27. The payroll checks bounced.

28. Plaintiffs made demand to Defendants to re-issue these checks, and Defendants stated the checks would be re-issued.

29. Plaintiffs continued working their regular schedules, however Defendants failed to pay Plaintiffs for the hours worked and failed to re-issue the two payroll checks that bounced.

30. Plaintiffs eventually terminated their employment with Defendants after Defendants repeatedly promised they would be paid, and they were not paid.

31. Defendants violated the FLSA and AMWA by paying Plaintiffs with checks that bounced and failing to pay Plaintiffs for all hours worked resulting in minimum wage and overtime violations.

32. Plaintiffs worked for Defendants at Defendants' restaurant in Little Rock, Arkansas, and Defendants' pay practices were the same for all hourly workers at this location.

33. Defendants knew or showed reckless disregard for whether the way they paid Plaintiffs and other hourly-paid employees violated the FLSA and AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Class

34. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

35. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiffs bring her FLSA claims on behalf of all hourly-paid employees employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful minimum wage for all hours worked and a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B. Liquidated damages; and

C. Attorneys' fees and costs.

37. The relevant time period dates back three years from the date on which Plaintiffs' Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

38. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

   A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

   B. They were paid hourly rates;

   C. They recorded their time in the same manner;

   D. They were subject to Defendants' common policy of issuing paychecks that bounced and failing to pay Plaintiffs for all hours worked.

39. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 30 persons.

40. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action Plaintiffs via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## B. AMWA Rule 23 Class

41. Plaintiffs, each individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. Plaintiffs propose to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

43. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendants' failure to pay employees for all hours worked, Defendants paid members of the proposed class lawful minimum wages and overtime wages in accordance with the AMWA.

44. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

45. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

46. Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 30 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

47. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

48. Concentrating the litigation in this forum is highly desirable because Defendants' restaurant is based in the Eastern District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

49. No difficulties are likely to be encountered in the management of this class action.

50. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as hourly-paid employees for Defendants and experienced the same violations of the AMWA that all other class members suffered.

51. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

52. Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

53. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

54. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56. During the period relevant to this lawsuit, Defendants classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

57. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs a lawful minimum wage rate for all hours worked and a lawful overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

58. Defendants' failure to properly pay minimum wages and overtime wages to Plaintiffs stems from Defendants' acts of issuing checks to Plaintiffs that bounced, and failing to re-issue checks and to pay Plaintiffs for all hours worked.

59. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

60. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid minimum wages and overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

61. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

62. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

63. Plaintiffs bring this collective action on behalf of all hourly-paid employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for minimum wage compensation for all hours worked and lawful overtime compensation for all the hours she and they worked in excess of forty (40) each week.

64. Plaintiffs bring this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

65. During the period relevant to this lawsuit, Defendants classified Plaintiffs and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

66. Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated a lawful minimum wage for all hours worked and a lawful overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

67. In the past three years, Defendants has employed hundreds of hourly-paid employees.

68. Like Plaintiffs, these hourly-paid employees regularly worked more than forty (40) hours in a week.

69. Defendants failed to pay these workers at the proper minimum wage rate and proper overtime rate.

70. Because these employees are similarly situated to Plaintiffs, and are owed wages for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

71. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

74. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

75. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

76. At all relevant times, Defendants were jointly and severally Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77. Arkansas Code Annotated §11-4-210 requires employers to pay all employees a minimum of $11.00 an hour for all hours worked unless an employee meets exemption requirements and accompanying Department of Labor regulations.

78. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

79. Defendants failed to pay Plaintiffs all minimum wages and overtime wages owed as required under the AMWA.

80. Defendants' failure to properly pay wages to Plaintiffs stems from Defendants' acts of issuing checks to Plaintiffs that bounced and failing to pay Plaintiffs for all hours worked.

81. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

82. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

83. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

84. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

85. Plaintiffs, each individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

86. At all relevant times, Defendants have been and continues to be the "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

87. Arkansas Code Annotated §11-4-210 requires employers to pay all employees a minimum of $11.00 an hour for all hours worked unless an employee meets exemption requirements and accompanying Department of Labor regulations.

88. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

89. Defendants failed to pay Plaintiffs and members of the proposed class all minimum wages and overtime wages owed as required under the AMWA.

90. Defendants' failure to properly pay wages to Plaintiffs stems from Defendants' acts of issuing checks to Plaintiffs that bounced and failing to pay Plaintiffs for all hours worked.

91. Plaintiffs propose to represent a class of individuals who are owed minimum wages and overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

> **Each hourly-paid Arkansas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

92. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

93. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

94. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Christine Morgan and D'Andre King respectfully pray that Defendants be summoned to appear and to answer herein as follows:

(A) That Defendants be required to account to Plaintiffs, the class, and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B) A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendants' practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E) Judgment for damages for all unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F) Judgment for damages for all unpaid minimum wage and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(H) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid

overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(I) An order directing Defendants to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Christine Morgan and D'Andre King, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

wh Law
North Little Rock Office
501.888.4357

By: Chris Burks (ABN: 2010207)
chris@wh.law
Lindsey Noe (ABN: 2009209)
lindsey@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114